1  Robert M. Johnson (CA Bar No. 140935)
   rjohnson@hunton.com
2  **HUNTON & WILLIAMS LLP**
   550 South Hope Street, Suite 2000
3  Los Angeles, California 90071
   Telephone: (213) 532-2004
4  Facsimile: (213) 532-2020

5  Andrew J. Turner (D.C. Bar No. 471179)
   aturner@hunton.com
6  Karma B. Brown (D.C. Bar No. 479774)
   kbbrown@hunton.com
7  (*Pro Hac Vice* Applications Pending)
   **HUNTON & WILLIAMS LLP**
8  2200 Pennsylvania Avenue, NW
   Washington, DC 20037
9  Telephone: (202) 955-1500
   Facsimile: (202) 778-2201

10

   *Attorneys for Movant Amicus Curiae,*
11 *Nestlé Waters North America Inc.*

12          **UNITED STATES DISTRICT COURT**

13  **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

14

15 CENTER FOR BIOLOGICAL          CASE NO.:  5:15-CV-02098-JGB-DTB
   DIVERSITY, *et al.*,
16                                [Hon. Jesus G. Bernal]
               Plaintiffs,
17                                **NESTLÉ WATERS NORTH
         v.                       AMERICA INC.'S:**
18
   UNITED STATES FOREST SERVICE,  **(1)  NOTICE OF MOTION AND
19 *et al.*,                       MOTION FOR LEAVE TO FILE AN
                                   *AMICUS CURIAE* BRIEF; AND**
20             Federal Defendants.
                                   **(2)  MEMORANDUM OF POINTS AND
21                                 AUTHORITIES IN SUPPORT OF
                                   MOTION FOR LEAVE TO FILE AN
22                                 *AMICUS CURIAE* BRIEF**

23                                Hearing Date:    June 6, 2016
                                  Time:            9:00 a.m.
24                                Courtroom:       1

25                                Complaint Filed:  October 13, 2015
                                  Trial Date:       None Set
26

27

28

─────────────────────────────────────────────

Motion of Nestlé Waters North America Inc. for Leave to File an *Amicus Curiae* Brief

*(left margin, vertical text)* **Hunton & Williams LLP** 550 South Hope Street, Suite 2000 Los Angeles, California 90071-2627

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that on June 6, 2016 at 9:00 a.m., or as soon

3    thereafter as the matter may be heard before the Honorable Jesus G. Bernal in

4    Courtroom 1 of the above-referenced Court, located at 3470 Twelfth Street, Riverside,

5    California, 92501, Movant *Amicus Curiae* Nestlé Waters North America Inc.

6    ("NWNA") will, and hereby does, move this Court for leave to file the attached

7    *amicus curiae* brief.  Counsel for NWNA contacted counsel for Plaintiffs and Federal

8    Defendants prior to filing this Motion.  Counsel for Plaintiffs notified the undersigned

9    counsel that Plaintiffs oppose this Motion.  Counsel for Federal Defendants notified

10   the undersigned counsel that Federal Defendants would take no position on this

11   Motion.

12       This Motion is based on the ground that NWNA would face substantial harm

13   should this Court award any relief to Plaintiffs that causes the United States Forest

14   Service ("Forest Service") to restrict NWNA's access to its senior appropriative water

15   rights at Arrowhead Mountain Springs.  Any such restriction could cause millions of

16   dollars in losses to NWNA, and losses to other non-parties, irreparably harm

17   NWNA's California operations, and affect hundreds of people employed by NWNA.

18   NWNA's proposed *amicus curiae* brief addresses whether any remedy is appropriate,

19   and, in particular, responds to this Court's April 20, 2016 Order, regarding the

20   propriety of injunctive relief.

21   \\

22   \\

23   \\

24   \\

25   \\

26   \\

27   \\

28   \\

1

Motion of Nestlé Waters North America Inc. for Leave to File an *Amicus Curiae* Brief

1      This Motion is based on this Notice, the attached Memorandum of Points and

2   Authorities, all pleadings and papers on file, any oral argument that may be presented

3   at the hearing on these matters, and any other matters that the Court deems

4   appropriate.

5

6   Dated:  May 6, 2016                                **HUNTON & WILLIAMS LLP**

7                                                      By:   /s/  Robert M. Johnson
                                                       Robert M. Johnson (CA Bar No. 140935)
8                                                      rjohnson@hunton.com
                                                       **HUNTON & WILLIAMS LLP**
9                                                      550 South Hope Street, Suite 2000
                                                       Los Angeles, California 90071
10                                                     Telephone: (213) 532-2004
                                                       Facsimile: (213) 532-2020
11
                                                       Andrew J. Turner (D.C. Bar No. 471179)
12                                                     aturner@hunton.com
                                                       Karma B. Brown (D.C. bar No. 479774)
13                                                     kbbrown@hunton.com
                                                       (*Pro Hac Vice* Application pending)
14                                                     **HUNTON & WILLIAMS LLP**
                                                       2200 Pennsylvania Avenue, NW
15                                                     Washington, D.C. 20037
                                                       Telephone: (202) 955-1500
16                                                     Facsimile: (202) 778-2201

17                                                     *Attorneys for Movant Amicus Curiae,*
                                                       *Nestlé Waters North America Inc.*
18

19

20

21

22

23

24

25

26

27

28

Motion of Nestlé Waters North America Inc. for Leave to File an *Amicus Curiae* Brief

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2   Nestlé Waters North America Inc. ("NWNA") respectfully moves this Court for

3 leave to file the attached *amicus curiae* brief.  As detailed in the proposed *amicus*

4 *curiae* brief and supporting declaration, NWNA would face substantial harm should

5 this Court award any relief to Plaintiffs that causes the United States Forest Service

6 ("Forest Service") to restrict NWNA's access to its senior appropriative water rights at

7 Arrowhead Mountain Springs.  Any such restriction could cause millions of dollars in

8 losses to NWNA, and losses to other non-parties, irreparably harm NWNA's

9 California operations, and affect hundreds of people employed by NWNA.  NWNA's

10 proposed *amicus curiae* brief addresses whether any remedy is appropriate, and, in

11 particular, responds to this Court's April 20, 2016 Order, regarding the propriety of

12 injunctive relief.  Doc. No. 33.

13   Plaintiffs challenge a Forest Service Special Use Permit ("SUP") that authorizes

14 NWNA's use of a five foot wide right-of-way crossing approximately 4.5 miles of the

15 San Bernardino National Forest ("SBNF").  NWNA uses the right-of-way to transport

16 spring water through a four-inch diameter pipeline across SBNF land to a collection

17 station on privately owned land.  Any Court order that impedes or otherwise restricts

18 NWNA's ability to rely on the right-of-way, or to otherwise access its vested State

19 water rights, would materially and significantly impact NWNA and provide no

20 demonstrated relief for Plaintiffs' alleged harm.

21   NWNA's participation as *amicus curiae* will aid the Court by providing an

22 otherwise unrepresented perspective – that of the permittee who, in good faith and

23 reliance on the Forest Service SUP, has invested millions of dollars to access and

24 transport its spring waters across the permitted right-of-way.  This perspective is of

25 critical importance as the Court considers whether injunctive relief is appropriate.

26 Indeed, two of the four prongs of the injunctive relief standard require information

27 that NWNA is uniquely qualified to address and that would otherwise not be before

28 the Court.  *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

1

1   Specifically, the Court must balance the hardships that would result from issuance of

2   any injunction, and evaluate whether an injunction would be in the public interest.

3        If the Court issues an order that causes the Forest Service to restrict NWNA's

4   access to the right-of-way, NWNA would suffer irreparable harm which, in turn,

5   would harm its employees, consumers, and the State of California through lost tax

6   revenue.   The Court's consideration of these significant and far-reaching harms is

7   critical as it considers how to proceed. Accordingly, NWNA respectfully requests that

8   the Court grant this Motion and allow its participation as *amicus curiae*.[1]

## I.   The Court Has Broad Discretion to Allow NWNA's Participation.

10        This Court has broad discretion to allow briefs of *amici*.  *Hoptowit v. Ray*, 682

11   F.2d 1237, 1260 (9th Cir. 1982), abrogated in part on other grounds by *Sandin v.*

12   *Conner*, 515 U.S. 472 (1995); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D.

13   Cal. 1991).   "An *amicus* brief should normally be allowed" when, among other

14   considerations, "the *amicus* has unique information or perspective that can help the

15   court beyond the help that the lawyers for the parties are able to provide."  *Cmty.*

16   *Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D.

17   Wash. 1999) ("*CARE*").   Moreover, participation as *amicus* is appropriate where, as

18   here, the legal issues in the action have "potential ramifications beyond the parties

19   directly involved" in the suit or where the *amicus* is involved in the transactions at

20   issue.  *See Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp.

21   2d 919, 925 (N.D. Cal. 2003).

## II.   NWNA Is Uniquely Qualified to Inform the Court of the Significant Harms That Would Result From Any Relief That Impairs NWNA's Access to Its Spring Waters.

---

27   [1] Counsel for NWNA conferred with counsel for the other parties to ascertain their

28   position on NWNA's motion.  Plaintiffs oppose this Motion.  The Federal Defendants take no position on the Motion.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Any order that impairs NWNA's lawful exercise of its water rights would cause

2  undue and significant harm to NWNA and the public interests.  The "classic role" of

3  *amicus curiae* is to "supplement[] the efforts of counsel, and draw[] the court's

4  attention to law that escaped consideration."  *See Miller-Wohl Co. v. Comm'r of*

5  *Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).  NWNA is uniquely positioned as

6  the permittee to provide the Court with information regarding the harms that would

7  ensue should the Court award any relief to Plaintiffs that causes the Forest Service to

8  restrict NWNA's access to its water rights.

9    NWNA, and its predecessors-in-interest, have diverted and put to "beneficial

10  use" their rights to the spring waters in Strawberry Canyon since the late 1800s.

11  These water rights trace back over 150 years and have been upheld by a State court

12  decision.  Importantly, the Forest Service has no authority over appropriative water

13  rights or collections under State law.  Rather, NWNA's vested appropriative rights to

14  the spring waters in Strawberry Canyon under State law give NWNA a clear, legal

15  right of access across the Forest Service subject only to reasonable regulation by the

16  Forest Service through the permitting process.  The Forest Service has issued SUPs

17  since 1929.  Pending issuance of a new permit, NWNA's SUP authorizes NWNA's

18  use of the right-of-way.

19    In reliance on the SUP, and its reasonable expectation that it would have

20  continued use of the right-of-way, NWNA, and its predecessors-in-interest, invested

21  millions of dollars in infrastructure to access and transport the spring waters.  *See*

22  *Sonoma Falls Developers*, 272 F. Supp. 2d at 925 (allowing Tribe to participate as

23  *amicus curiae* based on "its involvement in the events leading to this case and its

24  interest in the contracts at issue").  If access to the springs is restricted, NWNA would

25  face other significant financial harms, including losses in revenue and investments

26  from operations outside Strawberry Canyon, decreased sales and revenue, and losses

27  of sales channels.  Decl. ¶ 21.  The spring water from Arrowhead Springs may not be

28  replaceable and an injunction could, therefore, have significant market implications,

3

1  including loss of brand loyalty and accrued goodwill.  Moreover, even if NWNA is

2  able to locate replacement sources of water, it would takes years to permit and make

3  such alternate springs operational, and cost millions of dollars.  Finally, the

4  implications of any restriction of NWNA's access to the Arrowhead Springs could

5  impact NWNA's 1,200 employees in California, many of whom have worked for the

6  Company for decades, long before it was owned by NWNA.  Accordingly, there are

7  significant real-world implications that would result from any injunction leading the

8  Forest Service to deprive NWNA of access to its vested water rights.

9       The Court should have the opportunity to fully consider and evaluate these

10  harms before determining the appropriateness of any remedy in this case, and, in

11  particular, before reaching any decision on the "extraordinary remedy" of injunctive

12  relief.  NWNA's proposed *amicus brief* provides these critical details that will

13  otherwise not be before the Court.

14  **III.   NWNA's Participation as *Amicus Curiae* Is Timely.**

15       NWNA's motion is timely and would not unduly delay the Court's ability to

16  rule on any pending matter.  Supplemental briefing on cross-motions for summary

17  judgment was completed on April 8, 2016.  Thereafter, on April 20, 2016, the Court

18  issued an order requesting supplemental briefing on injunctive relief.  Doc. No. 33 at

19  2.  A hearing on the pending cross-motions for summary judgment is scheduled for

20  May 16, 2016.  *See, e.g., Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007)

21  (granting motions for leave to participate as *amici curiae* submitted before the hearing

22  on the matter); *CARE*, 54 F. Supp. 2d at 975-76 (granting motions for leave to

23  participate as *amici curiae* "on the eve of summary judgment motions" because

24  petitioners were "in a position to provide unique information or perspective").

25       NWNA has proceeded deliberately in determining whether and how to proceed

26  this case.  NWNA has not previously sought to participate in this litigation, instead

27  deferring to the Federal Defendants in view of the Plaintiffs' focus on laws and

28  procedures governing the Forest Service.  Plaintiffs did not seek injunctive relief in

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

4

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  their briefing on the cross-motions for summary judgment.  *See* Doc. Nos. 25 and 29.

2  This Court's April 20, 2016 Order, however, raises the prospect of injunctive relief

3  that could more directly impact NWNA's interests, and NWNA has proceeded

4  expeditiously since that time to prepare and file this motion.  NWNA does not plan or

5  expect to duplicate the Federal Defendants' arguments.  Rather, NWNA's *amicus*

6  brief focuses on the harms NWNA and other non-parties would face should injunctive

7  relief be granted.  NWNA has filed this motion in accordance with the deadline set by

8  the Court's April 20, 2016 Order for supplemental briefing by the parties.

9      NWNA lodges its proposed *amicus curiae* brief simultaneously with this

10  motion, and requests that it be filed upon granting of this motion.  Accordingly,

11  NWNA's participation will not unduly delay the Court's ability to rule on the pending

12  motions.

**IV.     Conclusion**

14      For the reasons stated above, NWNA respectfully requests that this Court grant

15  its Motion for Leave to File an *Amicus Curiae* Brief.

Dated:  May 6, 2016                    **HUNTON & WILLIAMS LLP**

By:   /s/  Robert M. Johnson
Robert M. Johnson (CA Bar No. 140935)
rjohnson@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2004
Facsimile: (213) 532-2020

Andrew J. Turner (D.C. Bar No. 471179)
aturner@hunton.com
Karma B. Brown (D.C. Bar No. 479774)
kbbrown@hunton.com
(*Pro Hac Vice* Applications Pending)
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

*Attorneys for Movant Amicus Curiae,*

5

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    *Nestlé Waters North America Inc.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion of Nestlé Waters North America Inc. for Leave to File an *Amicus Curiae* Brief