UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-2098-JGB (DTBx)** | Date | May 11, 2016 |
| Title | *Center For Biological Diversity et al. v. United States Forest Service et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiffs: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **Order: (1) GRANTING Nestlé Waters North America, Inc.'s Motion for Leave to File an Amicus Curiae Brief (Doc. No. 38); and (2) CONTINUING Hearing on Plaintiffs' and Defendants' Motions for Summary Judgment and Plaintiffs' Motion to Amend Administrative Record (Doc. Nos. 25, 27, 28) to May 23, 2016 (IN CHAMBERS)**

     Before the Court is: (1) a Motion for Summary Judgment filed by plaintiffs Center For Biological Diversity, Story of Stuff Project, and Courage Campaign Institute (collectively "Plaintiffs") ("Pls. MSJ," Doc. No. 25); (2) a Motion for Summary Judgment filed by defendants Randy Moore, Jody Noiron, and United States Forest Service ("USFS") (collectively "Defendants") ("Defs. MSJ," Doc. No. 28); and (3) a Motion to Amend Administrative Record filed by Plaintiffs (Doc. No. 27).

     In their Motion for Summary Judgment, Plaintiffs argue USFS has allowed Nestlé Waters North America, Inc. ("Nestlé") to operate water diversion and transmission facilities on USFS land in and near the West Fork of Strawberry Creek in the San Bernardino National Forest without a valid special use permit, in violation of the Federal Land Policy Management Act ("FLPMA") and the Administrative Procedure Act ("APA"). (Pls. MSJ at 8-12.)

     On May 6, 2016, Nestlé filed a Motion to file Amicus Curiae Brief. (Doc. No. 38.) In support, Nestlé filed a proposed Amicus Curiae Brief and a declaration by Nestlé's Natural Resource Manager Larry Lawrence. (Doc. No. 38-1, 38-2.)

     The Court has broad discretion to allow briefs of amici. Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "An amicus brief should normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that the

lawyers for the parties are able to provide." Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).  Moreover, participation as amicus is appropriate where the legal issues in an action have "potential ramifications beyond the parties directly involved" in the suit or where the amicus is involved in the transactions at issue.  See Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc., 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

     Here, the Court finds the legal issues in this action would have ramifications for Nestlé and Nestlé's perspective would be helpful to the Court's consideration of the parties' motions for summary judgment.  However, the Court will not consider Nestlé's brief to the extent it raises legal arguments beyond those advanced by the parties in this case.  See Artichoke Joe's Cal. Grand Casino v. Norton, 353 F.3d 712, 719 n.10 (9th Cir. 2003) ("In the absence of exceptional circumstances . . . [a court] does not address issues raised only in an amicus brief.") (internal citation omitted).

     Accordingly, the Court GRANTS Nestlé's Motion to file Amicus Curiae Brief and ORDERS Nestlé to file its Amicus Curiae Brief with the Court by **Thursday, May 12, 2016**.  Plaintiffs are granted until **Thursday, May 19, 2016**, to file an opposition, if any, to Nestlé's Amicus Curiae Brief.

     The June 6, 2016 hearing set for Nestlé's Motion to file Amicus Curiae Brief is VACATED.  The hearing on Plaintiffs' and Defendants' Motions for Summary Judgment and Plaintiffs' Motion to Amend Administrative Record is hereby CONTINUED from May 16, 2016 to May 23, 2016.

**IT IS SO ORDERED.**