**HUNTON & WILLIAMS LLP**
Robert M. Johnson (SBN 140935)
rjohnson@hunton.com
Jason J. Kim (SBN 221476)
kimj@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

**HUNTON & WILLIAMS LLP**
Andrew J. Turner (Admitted *Pro Hac Vice*)
aturner@hunton.com
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for *Amicus Curiae*
NESTLÉ WATERS NORTH AMERICA INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, *et al.*,<br><br>Federal Defendants. | CASE NO.: 5:15-CV-02098-JGB-DTB<br><br>[Hon. Jesus G. Bernal]<br><br>**NESTLÉ WATERS NORTH AMERICA INC.'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL *AMICUS CURIAE* BRIEF; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL *AMICUS CURIAE* BRIEF**<br><br>Date: July 25, 2016<br>Time: 9:00 a.m.<br>Ctrm: 1<br><br>Complaint Filed: October 13, 2015 |

NOTICE OF MOTION AND MOTION OF NESTLÉ WATERS NORTH AMERICA INC.
FOR LEAVE TO FILE A SUPPLEMENTAL *AMICUS CURIAE* BRIEF

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, on July 25, 2016, at 9:00 a.m. in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, *Amicus Curiae* Nestlé Waters North America Inc. ("NWNA") will, and hereby does, move this Court for leave to file the attached supplemental *amicus curiae* brief. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 17, 2016. Counsel for Plaintiffs notified the undersigned counsel that Plaintiffs oppose this Motion. Counsel for Federal Defendants notified the undersigned counsel that Federal Defendants would take no position on this Motion.

This Motion is made pursuant to this Court's broad authority to allow briefs of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). As this Court previously determined the last time it granted NWNA leave to submit an amicus brief, the "legal issues in this action would have ramifications for Nestlé and Nestlé's perspective would be helpful to the Court's consideration of the parties' motions for summary judgment." Order Granting NWNA's Mot. for Leave to File an *Amicus Curiae* Br. (Doc. No. 47). Nothing has changed since then, and, once again, the Court should grant NWNA leave to submit an *amicus* brief.

On June 13, 2016, this Court ordered supplemental briefing to address two questions regarding the regulations of the United States Forest Service ("Forest Service") governing the renewal of special use permits ("SUPs")—specifically, what is required under those regulations to make a "timely and sufficient" application and thus trigger the protection accorded to renewing permitholders by 5 U.S.C. § 558(c). As the holder of the SUP at issue here, NWNA offers a unique perspective on these questions that differ from those offered by Plaintiffs or the Federal Defendants.

As explained in the attached brief, the plain language of the regulations, the actual SUP at issue here, and the repeated affirmations of the Forest Service all make clear that timely notice is all the regulations require.  NWNA provided that notice, and the Forest Service thereafter recognized in writing that NWNA could continue its operations as allowed by 5 U.S.C. § 558(c).  Should the Forest Service change its position and impose additional requirements, either independently or pursuant to an order from this Court, the rights of NWNA and other similarly situated SUP holders could be placed in jeopardy, thus implicating fundamental principles of constitutional and administrative law—NWNA's right to fair notice.  NWNA has invested millions of dollars in infrastructure to access and transport spring waters in reasonable reliance on Forest Service representations for nearly 30 years.  Retroactive application of new requirements for renewal applications would, thus, be most inequitable.

NWNA thus requests leave to file the proposed supplemental *amicus curiae* brief to provide the Court its unique perspective as one of the thousands of entities that has applied for SUP renewal under the Forest Service's regulations and still awaits renewal.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file, any oral argument that may be presented at the hearing on these matters, and any other matters that the Court deems appropriate.

Dated:  June 24, 2016

**HUNTON & WILLIAMS LLP**

By:  /s/ Robert M. Johnson
    ROBERT M. JOHNSON
Attorneys for *Amicus Curiae*
NESTLÉ WATERS NORTH AMERICA INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Nestlé Waters North America Inc. ("NWNA") respectfully moves this Court for leave to file the attached supplemental *amicus curiae* brief.[1] This Court has broad discretion to allow briefs of *amici*, and it should do so here. Indeed, this Court already has found that the "legal issues in this action would have ramifications for Nestlé and Nestlé's perspective would be helpful to the Court's consideration of the parties' motions for summary judgment." Order Granting NWNA's Mot. for Leave to File an *Amicus Curiae* Br. (Doc. No. 47). And nothing has changed since then. For those same reasons, this Court again should grant NWNA leave to address the additional questions raised by this Court's June 13, 2016 Order—questions that plainly "have ramifications for Nestlé" and for which "Nestlé's perspective would be helpful to the Court's consideration." *Id*.

As detailed in the brief, in the nearly 30 years since NWNA's predecessor requested renewal, the United States Forest Service ("Forest Service") has taken the consistent and unwavering position that the renewal application was sufficient. If the Forest Service believed its regulations required more, it never said so. Should the Forest Service unilaterally change its position post hoc, either independently or pursuant to an order from this Court, NWNA's right to access and transport its spring waters across the permitted right-of-way could be placed in jeopardy unfairly, through no fault of NWNA. Under these circumstances, the Forest Service would be precluded by the fair notice doctrine from enforcing any new requirements with respect to the renewal application. *See FCC v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012) ("A fundamental principle in our legal system is that laws

---

[1] Counsel for NWNA conferred with counsel for the other parties to ascertain their position on NWNA's motion. Plaintiffs oppose this Motion. The Federal Defendants take no position on the Motion.

1

which regulate persons or entities must give fair notice of conduct that is . . . required.").

NWNA's participation as *amicus curiae* will aid the Court by providing an otherwise unrepresented perspective—that of the permittee who in good faith and reliance on Forest Service representations, invested millions of dollars in infrastructure to transport spring water from Strawberry Canyon. *Amicus Curiae* Br. of NWNA at 6-7 (Doc. No. 48). This unique perspective is of critical importance as the Court considers whether NWNA's predecessor-in-interest triggered 5 U.S.C. § 558(c). Indeed, if the Court issues an order that causes the Forest Service to retroactively apply additional requirements to NWNA's renewal application, it would violate the fair notice doctrine and basic notions of equity. The Court's consideration of these principles is critical as it considers how to proceed. Accordingly, NWNA respectfully requests that the Court grant NWNA leave to file the attached supplemental *amicus curiae* brief.

## II. ARGUMENTS

### A. The Court Has Broad Discretion to Allow NWNA's Participation.

On May 11, 2016, this Court granted NWNA's Motion for Leave to File an *Amicus Curiae* Brief. Doc. No. 47. In that Order, this Court emphasized its broad discretion to allow briefs of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "An *amicus* brief should normally be allowed" when, among other considerations, "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). Moreover, participation as *amicus* is appropriate where, as here, the legal issues in the action have "potential ramifications beyond the parties directly involved" in the suit or where the *amicus* is involved in the transactions at issue. *See Sonoma Falls*

2

*Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

### B. NWNA Is Uniquely Positioned to Inform the Court of the Ramifications Beyond the Parties Directly Involved.

NWNA is uniquely positioned as the permittee to provide the Court with information regarding the possible harm that would ensue should the Forest Service, independently or pursuant to court order, determine that NWNA's renewal application was deficient. An interpretation by this Court that the regulations add requirements to NWNA's renewal application, nearly thirty years after submission, would violate NWNA's right to fair notice. NWNA's unique perspective on this issue would be helpful to the Court's consideration. The "classic role" of *amicus curiae* is to "supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *See Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

### C. NWNA's Participation as *Amicus Curiae* Is Timely.

NWNA's motion is timely and would not unduly delay the Court's ability to rule on any pending matter. Supplemental briefing on cross-motions for summary judgment was completed on April 8, 2016. Thereafter, on April 20, 2016, the Court issued an order requesting supplemental briefing on injunctive relief. Doc. No. 33. Following the June 13, 2016, hearing, the Court issued an order requesting supplemental briefing on two questions regarding NWNA's renewal application. Doc. No. 52. The answers to these questions and subsequent Forest Service action directly impact NWNA's interests. NWNA has, thus, proceeded expeditiously to prepare and file this motion. NWNA does not plan or expect to duplicate the Federal Defendants' arguments. Rather, NWNA's supplemental *amicus curiae* brief focuses on the fair notice doctrine and other legal principles which Federal Defendants are unlikely to

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NESTLÉ WATERS NORTH AMERICA INC. FOR LEAVE TO FILE A SUPPLEMENTAL *AMICUS CURIAE* BRIEF

1 address. NWNA has filed this motion in accordance with the deadline set by the
2 Court's June 13, 2016 Order for supplemental briefing by the parties.

3 NWNA lodges its proposed supplemental *amicus curiae* brief simultaneously
4 with this motion, and requests that it be filed upon granting of this motion.
5 Accordingly, NWNA's participation will not unduly delay the Court's ability to rule
6 on the pending summary judgment motions.

### III. CONCLUSION

For the reasons stated above, NWNA respectfully requests that this Court grant its Motion for Leave to File a Supplemental *Amicus Curiae* Brief.

Dated: June 24, 2016

**HUNTON & WILLIAMS LLP**

By: /s/ Robert M. Johnson
   ROBERT M. JOHNSON
Attorneys for *Amicus Curiae*
NESTLÉ WATERS NORTH AMERICA INC.

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

82416.000018 EMF_US 61024169v6

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NESTLÉ WATERS NORTH AMERICA INC. FOR LEAVE TO FILE A SUPPLEMENTAL *AMICUS CURIAE* BRIEF