Lisa T. Belenky (CA Bar No. 203225)
lbelenky@biologicaldiversity.org
Justin Augustine (CA Bar No. 235561)
jaugustine@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Telephone:  (510) 844-7107
Facsimile: (510) 844-7150

*Attorneys for Plaintiff*
*Center for Biological Diversity*

Rachel S. Doughty (CA Bar No. 255904)
rdoughty@greenfirelaw.com
GREENFIRE LAW, P.C.
2550 9th Street, Ste. 204B
Berkeley, CA 94710
Telephone: (828) 424-2005

Matt Kenna (CO Bar No. 22159)
matt@kenna.net
PUBLIC INTEREST ENVIRONMENTAL LAW
679 E. 2nd Ave., Suite 11B
Durango, CO  81301
Telephone: (970) 749-9149
*Pro Hac Vice*

Douglas P. Carstens (CA Bar No. 193439)
dpc@cbcearthlaw.com
CHATTEN-BROWN & CARSTENS
2200 Pacific Coast Highway, Ste. 318
Hermosa Beach, CA 90254
Telephone: (310) 798-2400
Facsimile: (310) 798-2402

*Attorneys for Plaintiffs Story of Stuff*
*and Courage Campaign*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br>      Plaintiffs, <br><br>      vs. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br>      Defendants. | Case No. 5:15−cv−02098−JGB−DTB <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE THE COURT'S SEPTEMBER 20, 2016 ORDER AND SEPTEMBER 21, 2016 JUDGMENT** <br><br> DATE:        October 22, 2018 <br> TIME:          9:00 a.m. <br> COURTROOM: 1 <br> ACTION FILED: October 13, 2015 |

**INTRODUCTION**

Plaintiffs request that this Court vacate its order and judgment in this matter in light of the Forest Service's issuance of a new decision and new permit  which renders the permit that was the subject of this appeal moot.  Because the Defendants actions have caused the merits of the order and judgment to be moot and unreviewable on appeal, it is in the interests of justice to vacate the order and judgement.

**BACKGROUND**

In this action, Plaintiffs challenged the U.S. Forest Service's actions in regard to a water pipeline, several wells, and associated facilities on public lands within the San Bernardino National Forest related to a 10-year special use permit (SUP) issued by the Forest Service in 1978 which Plaintiffs alleged had expired in 1988. (Doc. 1; AR 173-174; 330-331.)  Plaintiffs challenged actions by the Forest Service over the ensuing 28 years which allowed the use to continue, accepting fees, and approving expanded operations while a "new" or "renewed" permit was ostensibly under consideration. (Doc. 1.) On September 20, 2016, this Court held that the old SUP remained valid by operation of 5 U.S.C. Section 558(c) and that this Court did "not have jurisdiction to entertain Plaintiffs' challenge under the APA." (Doc. 61 at 10, 11, 12.)  The Court denied Plaintiffs' motion for summary judgment, granted Defendants motion for summary judgment, and denied Plaintiffs' motion to amend the administrative record. (Doc. 61 at 12.) Judgment was filed on September 21, 2016. (Doc. 62). On November 17, 2016, Plaintiffs appealed the decision. (Doc. 66)

The parties engaged in lengthy settlement negotiations resulting in a settlement agreement in the Court of Appeals signed by the parties in early June, 2018.  (Exhibit A).  On June 27, 2018, pursuant to that agreement and before substantive briefing was filed at the Court of Appeals, the Forest Service issued a

new Decision Memo for a new Special Use Permit  (Exhibit B.), and on August 24, 2018, the Forest Service and the applicant signed the new special use permit (Exhibit C). Defendants counsel provided a copy of the permit to Plaintiffs on August 27, 2018, and copies of the attachments on August 28, 2017. The new special use permit by its terms supersedes the earlier permit that was the subject of this action. (Exhibit C at 11, Section VIII.C. "C. SUPERSEDED PERMIT. This permit supersedes a special use permit designated ARROWHEAD MT. SPRING WATER CO., CAJ728501, dated 08/0211978.").  Because the Forest Service's independent action mooted the issues before the Court of Appeals such that effective relief could no longer be granted, Plaintiffs voluntarily moved to dismiss the appeal on August 28, 2018 and on August 29, 2018 the Court of Appeals dismissed the appeal.  (Doc. 69) Plaintiffs now request that this Court vacate its September 20, 2016 order and September 21, 2018 judgment as moot. (Docs. 61, 62.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 60(b), federal district courts have the discretionary authority to grant relief from a final judgment when "applying [the judgment] prospectively is no longer equitable; or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Even though Rule 60(b) does not, by its terms, authorize vacatur, the Supreme Court has held that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988) (quoting *Klaprott v. United States*, 335 U.S. 601, 614-15 (1949)).

When a party's appeal from a district court judgment becomes moot due to actions of the appellee, vacatur is an appropriate equitable relief. This is so because

"[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).  As the Ninth Circuit explained: "a litigant should not be bound by an adverse unreviewed judgment 'when mootness results from unilateral action of the party who prevailed below.'" *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) (quoting *U.S. Bancorp Mortg.*,  513 U.S. at 25); *see In re Burrell*, 415 F.3d 994, 1000 (9th Cir. 2005) ("[I]f the appeal has become moot through no act of the party seeking relief, *Munsingwear* requires vacatur. . . ."); *Ocean Conservancy v. Nat'l Marine Fisheries Serv.,* 416 F. Supp. 2d 972, 978, 981 (D. Haw. 2006) ("it is clear that Plaintiffs should not be bound by an unreviewed adverse judgment," citing *Dilley*, 64 F.3d at 1370 and *U.S. Bancorp Mortgage,* 513 U.S. at 25; vacating order denying preliminary injunction "in light of the changed circumstances caused by" agency action regarding disputed permit).

In addition, orders of a district court that have become moot may also be vacated "in order to erase any precedential or preclusionary effect of those orders." *Kuahulu v. Employers Ins. of Wausau*, 557 F.2d 1334, 1337 (9th Cir. 1977) (citing *United States v. Munsingwear, Inc.* 340 U.S. 36, 40 ("That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.")

## ARGUMENT

Plaintiffs-Appellants were deprived of a decision on appeal of the order and judgment of this Court on their claims regarding the old SUP, when the pending appeal was mooted by issuance of a new SUP by the Forest Service, the party who prevailed in the district court action.   As the Ninth Circuit has explained, "a litigant should not be bound by an adverse unreviewed judgment 'when mootness

results from unilateral action of the party who prevailed below.'" *Dilley,* 64 F.3d at 1370 (quoting *U.S. Bancorp Mortgage*, 513 U.S. at 25).  This equitable relief is appropriate where the prevailing party, an agency, took steps to moot the decision. In *Ocean Conservancy v. Nat'l Marine Fisheries Serv.,* 416 F. Supp. 2d 972, 978, 981 (D. Haw. 2006), the agency withdrew the permit at issue before appellate review of the order denying preliminary injunction was reviewed and the Court found that it was equitable to vacate the judgment in light of that changed circumstance.  Similarly here, mootness resulted from unilateral action of the Forest Service in issuing the new decision and a new permit, and the Forest Service agreed that that "a new Forest Service decision on the pending request for a Special Use Authorization would moot the above-captioned appeal." Exh. A ¶ 4.  Because the Forest Service's unilateral action in issuing new decision and the new permit caused the judgment and order to be unreviewable and moot on appeal, Plaintiffs request that this Court vacate its order and judgment.

## CONCLUSION

For these reasons, Plaintiffs request that this Court vacate its order and judgment as moot so that Plaintiffs are not bound by an adverse unreviewed judgment.

Respectfully submitted,

September 6, 2018

/s/ Lisa T. Belenky
Lisa T. Belenky (CA Bar No. 203225)
Justin Augustine (CA Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Telephone: (510) 844-7107
Facsimile: (510) 844-7150

lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org

*Attorneys for Plaintiff*
*Center for Biological Diversity*


/s/Matt Kenna
Matt Kenna (CO Bar No. 22159)
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO  81301
(970) 749-9149
matt@kenna.net
*Pro Hac Vice*

/s/Rachel Doughty
Rachel Doughty (CA Bar No. 255904)
GREENFIRE LAW, PC
2550 9th Street, Ste. 204B
Berkeley, CA 94710
Telephone: (828) 424-2005
rdoughty@greenfirelaw.com

/s/Douglas P. Carstens
Douglas P. Carstens
(CA Bar No. 193439)
dpc@cbcearthlaw.com
CHATTEN-BROWN & CARSTENS
2200 Pacific Coast Highway, Ste. 318
Hermosa Beach, CA 90254
Telephone: (310) 798-2400
Facsimile: (310) 798-2402


*Attorneys for Plaintiffs Story of Stuff Project*
*and Courage Campaign Institute*

All other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/Lisa Belenky
Lisa Belenky

**Attachments:**

**Exhibit A:** Stipulated Settlement Agreement

**Exhibit B:** U.S. Forest Service, San Bernardino National Forest, June 27, 2018, "Nestle Waters Special Use Permit Decision Cover Letter;" "Decision Memo, Nestlé Waters North America Inc., Special Use Permit, Forest Service, Strawberry Creek" with "Nestlé Decision Memo - Appendix 1, Nestlé Waters North America Inc., Special Use Permit, Final Adaptive Management Plan Outline (AMP) (downloaded from https://www.fs.usda.gov/project/?project=48530 )

**Exhibit C:** U.S. Forest Service, San Bernardino National Forest, Special Use Permit, Authorization ID: FCD728501, Contact ID: NESTLE WATERS NORTH AMERICA, INC., Expiration Date: 12/31/2023, Use Code: 931, 753, 715. 915, FS-2700-4 (VER. 03/17), OMB 0596·0082, with appendices A, B, C & D.